UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN ALLEN SWITEK,

    Petitioner,

Case No. 21-cv-12449
Hon. Matthew F. Leitman

v.

MIDLAND COUNTY SHERIFF,[1]

    Respondent.

_____/

**ORDER (1) DISMISSING HABEAS PETITION WITHOUT PREJUDICE (ECF No. 1), (2) DENYING MOTION TO CONSOLIDATE (ECF NO. 4), (3) DENYING A CERTIFICATE OF APPEALABILITY, AND (4) DECLINING TO GRANT LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Benjamin Allen Switek is a state pre-trial detainee currently held at the Midland County Jail. On October 8, 2021, Switek filed a *pro se* petition for a writ of habeas corpus in this Court. (*See* Pet., ECF No. 1.) In the petition, Switek seeks relief from charges that are now pending against him in Isabella County arising out of his alleged unlawful use of a motor vehicle. (*See id.*, PageID.1.) Switek has also filed a motion to consolidate this action with four other cases that he has filed in this District. (*See* Mot., ECF No. 4.)

---

[1] The Court amends the caption to reflect the name of Switek's current warden. *See* Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

For the reasons explained below, the Court **DISMISSES** the petition without prejudice and **DENIES** Switek's motion to consolidate.

# I

## A

When Switek filed his petition in this Court, he did not pay the required filing fee or file an application to proceed *in forma pauperis*. Therefore, on October 26, 2021, the Court issued a deficiency order directing him to correct that error by no later than November 16, 2021. (*See* Order, ECF No. 2.) The Court expressly warned Switek that his failure to comply with the deficiency order could result in the dismissal of his petition. (*See id.*, PageID.6.)

Switek has not responded to the deficiency order. He has not paid the filing fee or submitted an application to proceed *in forma pauperis* as directed. Nor has he contacted the Court to ask for additional time to respond to the deficiency order.

Where, as here, a prisoner who seeks habeas relief does not comply with a district court's directions in a deficiency order to pay the full filing fee or provide the required application to proceed *in forma pauperis*, the district court must presume that the prisoner is not a pauper, assess the full filing fee, and dismiss the case for want of prosecution. *See Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)).

Accordingly, because Switek has failed to pay the filing fee or submit the required application to proceed *in forma pauperis*, the Court **DISMISSES** his petition without prejudice. *See id. See also Brack v. Patel*, 2020 WL 8642292, at *1 (E.D. Mich. Nov. 5, 2020).

**B**

On November 4, 2021, Switek filed a motion to consolidate this case with four other cases pending in this District at that time. (*See* Mot., ECF No. 4.) Case Nos. 21-12448 and 21-12450 were habeas actions in which Switek sought relief from pending charges in Chippewa County and Midland County, respectively, on the same grounds raised in the current petition. Both of those cases have now been dismissed. *See Switek v. Michigan*, No. 21-cv-12448, 2021 WL 5085832 (E.D. Mich. Nov. 2, 2021); *Switek v. Midland Cty. Sheriff*, No. 21-cv-12450, 2021 U.S. Dist. LEXIS 211134 (E.D. Mich. Nov. 2, 2021). Case Nos. 21-12184 and 21-12447 are civil rights actions. Case No. 21-12447 has also been dismissed for failure to correct a filing fee deficiency. *See Switek v. Isabella Cty. Prosecutor*, No. 21-cv-12447, 2021 U.S. Dist. LEXIS 232480, at *1 (E.D. Mich. Dec. 3, 2021). Case No. 21-12184, *Switek v. Midland Cty.*, remains pending before this Court.

Switek filed a copy of his motion to consolidate in each of the five cases. The courts that have ruled on the motion to date have denied it. *See* Case No. 21-12450, ECF No. 7, PageID.20 ("Because the petition was properly dismissed . . ., there are

3

no surviving common questions of law or fact this case shares with Petitioner's other cases."); Case No. 21-12447, ECF No. 6, PageID.26 ("[E]ven if Plaintiff had corrected the [filing fee] deficiency, it would be inappropriate to consolidate this civil rights case with habeas cases or closed cases.")

The Court agrees with its sibling courts, and it **DENIES** the motion to consolidate.

## II

A "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *See id*.

The Court **DENIES** Switek a certificate of appealability because the dismissal of his petition based on his failure to cure the identified filing deficiency is not debatable amongst jurists of reason. *See Soeken v. Estep*, 270 F. App'x 734, 735-36 (10th Cir. 2008).

Finally, the Court declines to grant Switek leave to appeal *in forma pauperis*, because an appeal from this decision would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## IV

For the reasons stated above, (1) the Court **DISMISSES WITHOUT PREJUDICE** Switek's petition for a writ of habeas corpus (ECF No. 1), (2) **DENIES** his motion to consolidate cases (ECF No. 4), (3) **DENIES** Switek a certificate of appealability, and (4) **DECLINES** to grant Switek *in forma pauperis* status on appeal.

**IT IS SO ORDERED.**

Dated: February 14, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 14, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126